UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINE D., § § Plaintiff, § § v. § COMMISSIONER OF SOCIAL SECURITY, § § Defendant. § | § § § § Case # 1:20-cv-035-DB § § MEMORANDUM DECISION § AND ORDER § |

## INTRODUCTION

Plaintiff Christine D. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner"), that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Act, and her application for supplemental security income ("SSI") under Title XVI of the Act. *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* ECF No. 10).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* ECF Nos. 7, 8. Plaintiff also filed a reply brief. *See* ECF No. 9. For the reasons set forth below, Plaintiff's motion for judgment on the pleadings (ECF No. 7) is **DENIED**, and the Commissioner's motion for judgment on the pleadings (ECF No. 8) is **GRANTED**.

## BACKGROUND

Plaintiff protectively filed her application for DIB on July 1, 2016, and her application for SSI on July 30, 2016. Transcript ("Tr.") 148-54. In both applications, Plaintiff alleged disability beginning July 1, 2016 (the disability onset date), due to arthritis, depression, insomnia, and anxiety. Tr. 185. The claims were denied initially on November 3, 2016, after which Plaintiff

requested an administrative hearing. Tr. 82-90. On August 10, 2018, Plaintiff also filed an application for widow's insurance benefits ("WIB"), pursuant to Title II of the Act. Tr. 166-72. On November 15, 2018, Administrative Law Judge Stephen Cordovani (the "ALJ") held a hearing in Buffalo, New York.  Tr. 15, 34-67. Plaintiff appeared and testified at the hearing and was represented by Jeanne Murray, an attorney. Tr. 15. Timothy P. Janikowski, Ph.D., an impartial vocational expert ("VE"), also appeared and testified at the hearing. *Id*.

The ALJ issued an unfavorable decision on December 3, 2018, finding that Plaintiff was not disabled. Tr. 15-28. On November 12, 2019, the Appeals Council denied Plaintiff's request for further review. Tr. 1-6. The ALJ's December 3, 2018 decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

## **LEGAL STANDARD**

### I. **District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

## II. The Sequential Evaluation Process

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirements, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id.* § 404.1509. If not, the ALJ determines the claimant's residual functional capacity, which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the

Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in his December 3, 2018 decision:

1. It was previously found that the claimant is the unmarried widow of the deceased insured worker and has attained the age of 50. The claimant met the non-disability requirements for disabled widow's benefits set forth in section 202(e) of the Social Security Act;

2. The prescribed period ends on January 31, 2024;

3. The claimant has not engaged in substantial gainful activity since July 1, 2016, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.);

4. The claimant has the following severe impairments: obesity, mild degenerative joint disease of the right knee, adjustment disorder, major depressive disorder, and general anxiety disorder (20 CFR 404.1520(c) and 416.920(c));

5. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926);

6. The claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c)[1] except the claimant can occasionally climb ramps, stairs, ladders, ropes or scaffolds kneel, crouch, crawl and squat. The claimant is limited to continuous standing or walking to no greater than two-hour increments. The claimant can understand and carry out simple instructions and tasks. The claimant can work in a low stress work environment reflected by simple work, no supervisory duties, no independent decision-making, no strict production quotas and minimal changes in work routines and processes. The claimant can have occasional interaction with supervisors, coworkers and the general public;

7. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965);

---

[1] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, he or she is determined to also be able to do sedentary and light work. 20 CFR 416.967(c).

4

8. The claimant was born on March 29, 1964 and was 52 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963);

9. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964);

10. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2);

11. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a);

12. The claimant has not been under a disability, as defined in the Social Security Act, since July 1, 2016, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

Tr. 15-28.

Accordingly, the ALJ determined that, based on the application for a period of disability and disabled widow benefits protectively filed on July 1, 2016, the claimant is not disabled under sections 202(e) and 223(d) of the Social Security Act. Tr. 28. The ALJ also determined that based on the application for supplemental security benefits protectively filed on July 30, 2016, the claimant is not disabled under section 1614(a)(3)(A) of the Act. *Id*.

## **ANALYSIS**

Plaintiff asserts two points of error. Plaintiff argues that: (1) the ALJ failed to fulfill his duty to fully develop the record: and (2) the ALJ failed to incorporate limitations for absenteeism or off-task time in the RFC finding based on an impermissible mischaracterization of the evidence. *See* ECF No. 7-1 at 1, 9-14. Accordingly, argues Plaintiff, the ALJ's RFC determination was not supported by substantial evidence. *See id*.

The Commissioner argues in response that: (1) the ALJ was not required to further develop the record by seeking additional medical records because the evidence already in the record was

5

adequate for the ALJ to make a disability determination; and (2) the ALJ carefully analyzed and weighed the evidence and fully accounted for Plaintiff's credibly established functional limitations in arriving at his RFC finding. *See* ECF No. 8-1 at 10-15. Accordingly, argues the Commissioner, the ALJ's RFC determination is supported by substantial evidence. *See id*.

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77.

Upon review of the record in this case, the Court finds that the ALJ carefully considered the evidence of record, including the medical opinion evidence, the treatment notes, the objective findings, and Plaintiff's subjective complaints, and his RFC determination was supported by substantial evidence.

A claimant's RFC is the most she can still do despite her limitations and is assessed based on an evaluation of all relevant evidence in the record. *See* 20 C.F.R. §§ 404.1520(e), 404.945(a)(1), (a)(3); SSR 96-8p, 61 Fed. Reg. 34,474-01 (July 2, 1996). At the hearing level, the ALJ has the responsibility of assessing the claimant's RFC. *See* 20 C.F.R. § 404.1546(c); SSR 96-5p, 61 Fed. Reg. 34,471-01 (July 2, 1996); *see also* 20 C.F.R. § 404.1527(d)(2) (stating the assessment of a claimant's RFC is reserved for the Commissioner). Determining a claimant's RFC is an issue reserved to the Commissioner, not a medical professional. *See* 20 C.F.R. § 416.927(d)(2) (indicating that "the final responsibility for deciding these issues [including RFC] is reserved to the Commissioner"); *Breinin v. Colvin*, No. 5:14-CV-01166(LEK TWD), 2015 WL

7749318, at *3 (N.D.N.Y. Oct. 15, 2015), *report and recommendation adopted*, 2015 WL 7738047 (N.D.N.Y. Dec. 1, 2015) ("It is the ALJ's job to determine a claimant's RFC, and not to simply agree with a physician's opinion.").

Furthermore, the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (citing *Richardson v. Perales*, 402 U.S. 389, 399 (1971) (the RFC need not correspond to any particular medical opinion; rather, the ALJ weighs and synthesizes all evidence available to render an RFC finding consistent with the record as a whole); *Castle v. Colvin*, No. 1:15-CV-00113 (MAT), 2017 WL 3939362, at *3 (W.D.N.Y. Sept. 8, 2017) (The fact that the ALJ's RFC assessment did not perfectly match a medical opinion is not grounds for remand.). Indeed, an ALJ may formulate an RFC absent any medical opinions. "Where, [] the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (internal citations and quotation omitted).

Additionally, the burden to provide evidence to establish the RFC lies with Plaintiff—not the Commissioner. *See* 20 C.F.R. §§ 404.1512(a), 416.912(a); *see also Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) ("The applicant bears the burden of proof in the first four steps of the sequential inquiry . . . ."); *Mitchell v. Colvin*, No. 14-CV-303S, 2015 WL 3970996, at *4 (W.D.N.Y. June 30, 2015) ("It is, however, Plaintiff's burden to prove his RFC."); *Poupore v. Astrue*, 566 F.3d 303, 305-06 (2d Cir. 2009) (The burden is on Plaintiff to show that she cannot perform the RFC as found by the ALJ.).

Plaintiff first argues that the ALJ failed in his duty to further develop the record because Plaintiff testified that she visited Horizon Health Services ("Horizon") every two weeks for

individual counseling, but some of those records did not appear in the record. *See* ECF No. 7-1 at 9-11. However, the ALJ was not required to further develop the record by seeking additional medical records because the evidence already in the record was "adequate for [the ALJ] to make a determination as to disability." *See Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996); *see also Janes v. Berryhill*, 710 F. App'x 33, 34 (2d Cir. 2018) (citing *Perez*, 77 F.3d at 48); (affirming where ALJ obtained many, but not all, of a claimant's records).

Contrary to Plaintiff's argument, the record before the ALJ sufficiently documented Plaintiff's mental impairments and treatment, and the ALJ sufficiently articulated the record support for the RFC finding, including citing several objective findings to support the RFC finding. Tr. 21-26. The ALJ noted that Plaintiff received minimal treatment for her mental impairments during the relevant period, consisting of only routine, limited and conservative treatment and relatively benign mental status findings." Tr. 24. The ALJ also noted that although treatment records showed that Plaintiff had a depressed and anxious mood and affect, she consistently was alert and oriented in all spheres; she had intact and normal cognitive functioning; cooperative behavior with good eye contact; no psychomotor agitation; normal speech; logical, goal directed thought processes; and intact concentration and attention. Accordingly, the ALJ was not obligated to seek out additional records.

With respect to Plaintiff's outpatient mental health treatment at Horizon from July 2016 through October 2016 (*see* Tr. 359-403), treatment records showed that despite a depressed and anxious mood and affect, Plaintiff was alert and oriented in all spheres; she had intact and normal cognitive functioning; cooperative behavior with good eye contact; no psychomotor agitation; normal speech; logical, goal-directed thought processes; fair concentration; and normal attention and memory (Tr. 370, 377, 387, 396-97). Furthermore, during a physical examination in June

2017, Plaintiff denied psychiatric symptoms including anxiety, change in sleep pattern, depression, and mood changes. Tr. 421. On examination, she appeared emotionally stable with good eye contact and appropriate behavior, speech, and thought content. Tr. 422.

In formulating Plaintiff's RFC, the ALJ also considered the opinion of psychiatric consultative examiner Janine Ippolito, Psy.D. ("Dr. Ippolito"), and the functional assessment of state agency psychological consultant, A. Dipelou, Ph.D. ("Dr. Dipelou"). Tr. 25. The ALJ gave great weight to Dr. Ippolito's opinion that Plaintiff was capable of following and understanding simple directions and instructions; performing simple tasks independently; maintaining a regular schedule; learning new tasks; performing complex tasks independently; making appropriate decisions. Tr. 25, 407. Dr. Ippolito opined that Plaintiff had mild limitation in maintaining attention and concentration; moderate limitations in relating adequately with others; and marked limits appropriately dealing with stress. Tr. 25, 408. However, Dr. Ippolito concluded that Plaintiff's limitations were not significant enough to interfere with her ability to function on a daily basis. Tr. 25, 408. The ALJ also gave great weight to Dr. Dipelou's opinion that Plaintiff was able to understand and carry out simple tasks in a work setting where only superficial contact with others would be required. Tr. 25-26, 77-78, 415-16. *See* 20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1) (stating that state agency medical consultants "are highly qualified and experts in Social Security disability evaluation").

Ultimately, it is Plaintiff who bears the burden of demonstrating functional limitations that preclude her performance of any substantial gainful activity. *See* 20 C.F.R. § 416.945(a)(3) (the claimant is responsible for providing the evidence used in the RFC determination); *see Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) (Commissioner need not provide evidence of the claimant's RFC); *see also Diaz v. Shalala*, 59 F.3d 307, 315 (2d Cir. 1995) (citing *Dumas v.*

*Schweiker*, 712 F.2d 1545, 1553 (2d Cir. 1983) ("[Commissioner] is entitled to rely not only on what the record says but also on what it does not say.").

At the hearing, Plaintiff's counsel identified certain records that she had not yet received from Plaintiff's providers. Tr. 37-38. The ALJ offered to keep the record open for an additional ten days. Tr. 39. Plaintiff did not submit records during those ten days and did not request the ALJ's assistance in obtaining medical records. Nor did Plaintiff or her attorney request an additional extension to submit those records. Tr. 15-16. Therefore, the ALJ did not err. *See Jordan v. Comm'r of Soc. Sec.*, 142 F. App'x 542, 543 (2d Cir. 2005) (finding no error or failure to develop the record where claimant's counsel volunteered to obtain medical records, the ALJ kept the record open to allow for supplementation of the record, and the claimant did not request the ALJ's assistance in securing additional evidence); *see also Morris v. Berryhill*, 721 F. App'x 25, 27-28 (2d Cir. 2018) (summary order) (explaining that the mere "theoretical possibility" of missing records that might be probative of disability "does not establish that the ALJ failed to develop a complete record"); *see also Dumas v. Schweiker*, 712 F.2d 1545, 1553 (2d Cir. 1983) ("[Commissioner] is entitled to rely not only on what the record says but also on what it does not say.").

In this case, the record reflects that the ALJ carefully analyzed and weighed the evidence and fully accounted for Plaintiff's credibly established functional limitations in arriving at his RFC finding. Tr. 21-26. Plaintiff's attempts to argue otherwise are meritless, and the Court finds no error.

Plaintiff's argument that the ALJ failed to account for her ability to maintain regular attendance and stay on task in a work environment is likewise meritless. Tr. 7-1 at 11-13. The ALJ specifically considered Plaintiff's reports of "frequent cancellations of appointments due to intense

anxiety and feelings of overwhelm and difficulty with motivation." Tr. 22. However, as the ALJ explained, the totality of the evidence did not support limitations to the degree alleged by Plaintiff, given her grossly normal mental status findings upon examination, effectiveness of conservative treatment modalities, engagement in a wide-range of activities of daily living including work activity, and routine and conservative treatment throughout the record. Tr. 26. *See Poupore*, 566 F.3d at 307 (claimant's abilities to watch television, read, drive, and do household chores supported ALJ's finding that his testimony was not fully credible); *see also* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i) (ALJ must consider claimant's "daily activities" when evaluating symptoms).

Moreover, under the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support his position. The substantial evidence standard is "a very deferential standard of review—even more so than the 'clearly erroneous' standard," and the Commissioner's findings of fact must be upheld unless "a reasonable factfinder would *have to conclude* otherwise."). *Brault v. Soc. Sec. Admin.*, *Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (emphasis in original). Thus, Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in the record. *Id.* at 448; *see also Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991) (reviewing courts must afford the Commissioner's determination considerable deference and cannot substitute its own judgment even if it might justifiably have reached a different result upon a de novo review). While Plaintiff may disagree with the ALJ's RFC finding, Plaintiff has not shown that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in the record.

For all the reasons discussed above, the Court finds that the ALJ properly considered the record as a whole, including medical opinion evidence, treatment reports, and diagnostic testing, as well as Plaintiff's testimony, and those findings are supported by substantial evidence. Accordingly, the Court finds no error.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 7) is **DENIED**, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 8) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**. The Clerk of Court will enter judgment and close this case.

**IT IS SO ORDERED**.

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE